IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CAROL WATSON**,<br><br>    Plaintiff,<br><br>  v.<br><br>**CALIBER FUNDING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; HMC ASSETS, LLC** *solely in its capacity as separate trustee of* **CAM XI TRUST;** *and* **DOES 1-10,** *inclusive*,<br><br>    Defendants. | Case No. 3:22-cv-01265-AR<br><br>**ORDER ADOPTING FINDINGS & RECOMMENDATION** |

John A. Cochran, Pacific Property Law LLC, 1021 SE Sunnyside Road, Suite 300, Clackamas, OR 97015. Attorney for Plaintiff.

Joseph McCormick, III, Wright, Finlay & Zak, LLP, 612 S. Lucile Street, Suite 300 Seattle, WA 98108; Gregor Hensrude, Klinedinst PC, 1200 Fifth Avenue, Suite 1750, Seattle, WA 98101; Katie Jo Johnson, McEwen Gisvold LLP, 1100 SW 6th Avenue, #1600, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

  On January 17, 2023, Magistrate Judge Jeffrey Armistead issued his Findings and Recommendation ("F&R"). ECF 16. The F&R recommends that this Court dismiss this action with prejudice for failure to prosecute or failure to follow a court order. No party filed

PAGE 1 – ORDER

objections. For the following reasons, this Court ADOPTS Judge Armistead's F&R, but with the following clarification.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff filed this case on August 25, 2022. ECF 1. Defendants filed three Motions to Dismiss on October 17, 2022, October 19, 2022, and November 10, 2022. ECF 7; ECF 9; ECF 13. Plaintiff failed to timely respond to Defendants' motions. On December 12, 2022, Judge Armistead issued an Order to Show Cause ordering Plaintiff to "respond in writing by January 6, 2023, to the pending motions to dismiss or to show good cause for her failure to do so." ECF 15. The Order to Show Cause further advised Plaintiff that "failure to comply timely with this Order may result in the court treating her failure to respond as a concession on the merits and dismissal of this action with prejudice." *Id.* Plaintiff failed to timely comply with the Order to Show Cause. On January 17, 2023, Judge Armistead issued an F&R, recommending dismissal of this action with prejudice. ECF 16. Plaintiff did not timely file objections.

PAGE 2 – ORDER

Plaintiff was advised by the Court that failure to respond to Defendants' Motions to Dismiss, or to show good cause for her failure, would constitute a concession of the merits of Defendants' motions. It has now been over seven weeks since Plaintiff's response to the court's show cause order was due. This Court finds that Plaintiff has waived her response to Defendants' motion to dismiss, and this Court therefore accepts the merits of Defendants' motions. Accordingly, Defendants' Motions to Dismiss, ECF 7; ECF 9; ECF 13, are GRANTED.

## CONCLUSION

The F&R, ECF 16, is ADOPTED as clarified in this Order. Accordingly, this action is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 3rd day of March, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
